UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ CANO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ARCHITECTURAL SURFACES GROUP,<br>LLC, et al.,<br><br>        Defendants. | Case No.  26-cv-00388-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 67, 68 |

The motion to dismiss is granted for lack of jurisdiction. This order assumes the reader's familiarity with the facts, the relevant legal standards, and the arguments made by the parties.

To establish Article III standing, plaintiffs must allege that they "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A significantly increased risk of developing disease may qualify as an injury in fact, but only if the complaint alleges that the plaintiffs' particular circumstances give rise to such risk. In *McGee v. S-L Snacks National*, 982 F.3d 700 (9th Cir. 2020), for example, the Ninth Circuit held that a plaintiff's alleging physical injury from consuming nearly half a pound of artificial trans fats over several years was insufficient to establish standing because the studies cited in her complaint, which showed a general link between trans fatty acid consumption and systemic inflammation, did not show that the plaintiff's actual level of consumption was enough to cause the alleged injury.

The plaintiffs here have similarly failed to allege facts showing that their particular circumstances give rise to a significantly increased risk of silica-related disease. Although the

complaint cites many studies concluding that extensive occupational exposure to airborne silica and other particles is harmful, there are no specific allegations about each plaintiff's actual exposure to the defendants' products and how such exposure compares to the studies cited by the complaint. In their opposition brief, the plaintiffs focus on paragraphs 53, 793, and 796 of the complaint. *See* Dkt. No. 75, at 13-14. But apart from clarifying that each plaintiff has worked in the artificial-stone industry for over 30 days at some point between 2000 and 2025, those paragraphs offer no insight into the amount of time the plaintiffs were exposed, the extent of their exposure, or other facts that might be helpful in determining whether the studies cited in the complaint have any relevance to the plaintiffs themselves. The plaintiffs argue in the opposition that they could easily amend the complaint to include those details. *See* Dkt. No. 75, at 19. But that is a reason to allow leave to amend, not to avoid dismissal.

* * *

Dismissal is without prejudice to refiling the lawsuit in state court. If the plaintiffs wish to attempt to improve their standing-related allegations and file an amended complaint here, they may do that instead. Any amended federal complaint must be filed within 14 days of this order. If the plaintiffs choose to refile in state court, they must file a notice on this docket within 14 days of this order.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
VINCE CHHABRIA
United States District Judge

2